IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PAN AMERICAN GRAIN**
**MANUFACTURING, INC.,**
**Plaintiff**

v.                                                                                  CIVIL NO. 05-1340(DRD)

**CONGRESO DE UNIONES**
**INDUSTRIALES DE P.R.**
**Defendant**

## ORDER

      Pending before the Court is the plaintiff's *Motion for Reconsideration and/or Requesting Leave to File Opposition to Defendant's Motion to Dismiss Complaint Under Fed.R.Civ.P. 12(b)(6)* (Docket No. 8). Plaintiff moves the Court to reconsider the Order issued on June 11, 2005 (Docket No. 7) wherein plaintiff's request for an extension of time to file its opposition to defendant's motion to dismiss was denied as untimely filed because it was filed way beyond the ten days provided by Local Rule 7.1(b). In summary, plaintiff's counsel sustains that as a result of his professional commitments before the local courts, administrative forums, and several federal cases, counsel's time to file its opposition was affected.

      It is well known, as noted by the United States Supreme Court, "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31(1962). Moreover, the First Circuit has noted that "in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." Chuang Investments v. Eagle Inns, Inc., 81 F.3d 13 (1st Cir. 1996). Further, it is the law in this Circuit that having too many cases to handle is not an excuse to fail to comply with this Court's Order [or the Rules]. The Court, consistently, has refused to accept such excuses. *See* Mendez v. Banco Popular de P.R., 900 F.2d 4, 8 (1st Cir. 1990); Piñero Schroeder v. FNMA, 574 F.2d 1117, 1118 (1st Cir. 1978). "The fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order [or a deadline imposed by the Rules]". Batiz Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 5 (1st Cir. 2002). This mandate to the undersigned means: "Too many fish to fry is no excuse to fail to comply". Further, as stated by the First Circuit, "certainly, the mere fact that a litigant or a lawyer may have had other priorities does not constitute a bulletproof excuse for noncompliance with a court order". Batiz Chamorro v. Puerto Rican Cars, Inc., 304 F.3d at 5. In all events, it is axiomatic that "a litigant who ignores a case-management deadline does so at his peril." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998).

      Moreover, the fact that an attorney is involved in another trial does not constitute insufficient predicate for claim of excusable neglect, Baker v. Raulie, 879 F.2d 1396, 1399 (6th Cir. 1989), since "[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." Piñero Schroeder v. FNMA, 574 F.2d at 1118. "Were the rule [of law be] otherwise, enlargements of time

would be an idle ceremony, and the lawyers, not the judge, would be running the docket." <u>Mendez v. Banco Popular de P.R.</u>, 900 F.2d at 8.

Therefore, for the reasons stated herein, the Court hereby **DENIES** plaintiff's *Motion for Reconsideration and/or Requesting Leave to File Opposition to Defendant's Motion to Dismiss Complaint Under Fed.R.Civ.P. 12(b)(6)* (Docket No. 8). Consequently, plaintiff's *Opposition to Defendant's Motion to Dismiss Complaint Under Fed.R.Civ.P. 12(b)(6)* is **WITHDRAWN**. The Court shall decide the motion to dismiss without plaintiff's opposition.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 30th day of August 2005.

                                            **S/DANIEL R. DOMINGUEZ**
                                            **DANIEL R. DOMINGUEZ**
                                            **U.S. DISTRICT JUDGE**