IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PAN AMERICAN GRAIN**
**MANUFACTURING, INC.,**
**Plaintiff**

v.                                               **CIVIL NO. 05-1340(DRD)**

**CONGRESO DE UNIONES**
**INDUSTRIALES DE P.R.**
**Defendant**

### ORDER

Pending before the Court is defendant's *Motion to Dismiss* (Docket No. 5). The Court previously determined not allow plaintiff's motion for reconsideration moving the Court to allow filing of an opposition to said motion. (Docket No. 10). The Court proceeds to decide upon the instant motion to dismiss.

### MOTION TO DISMISS STANDARD R. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard 83 F.3d 1,3 (1st Cir. 1996)(citations omitted); see also Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F.Supp.2d 61 (D.Puerto Rico 1999). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 51 F.2d 513, 514 (1st Cir.1988)).

Therefore, in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988). In sum, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief**. Conley v. Gibson, 355 U.S. at 78. (*Emphasis added*.)

However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the

Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; see also Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998). A district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo* by the appeals court; such court "accept[s] as true all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff's favor." Calderon Ortiz v. Laboy Alvarado, 300 F.3d 60, 62-63 (1st Cir. 2002); SEC v.SG Ltd., 265 F.3d 42, 46 (1st Cir. 2001). Accordingly, "if the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. Calderon Ortiz, 300 F.3d at 63; quoting, Conley v. Gibson, 355 U.S. at 45-46; Aulson v. Blanchard, 83 F.3d at 3.

## LEGAL ANALYSIS

The Court is aware that the scope of review of labor decision arbitration is extremely narrow and "extraordinarily deferential". Dorado Beach Hotel Corp. v. Union de Trabajadores de la Industria Gastronomica Local 610, 959 F.2d 2, 3-4 (1st Cir. 1992). Further, "it is the arbitrators view of facts and of the meaning of the contract that they have agreed to accept". United States Paperworkers Int'l. Union v. Misco, 484 US 29, 32-38, 108 S.Ct. 364(1987). However, arbitration awards "must draw their essence from the [collective bargaining] agreement". United Steelworkers of America v. Enterprise Wheel and Car Corp.. 363 US 593, 597, 80 S.Ct. 1358 (1960). However, provided that the arbitrator "is even arguably construing or applying the contract and acting within the scope of authority", a district court may not disturb the arbitrator's judgment even if the judge is convinced that the arbitrator "committed serious error". United States Paperworkers Int'l. Union v. Misco, 484 US at 38, 108 S.Ct. at 368; *see also* Advest Inc., v. McCarthy, 914 F.2d 6, 9 (1st Cir. 1990)(*citing* Misco).

The arbitrator however cannot draw his own brand of industrial justice because as stated before, the arbitral decision must "draw its essence from the collective bargaining agreement". Enterprise Wheel and Car Corp., *supra*. However, an award that is "unfounded in reason and fact" is based on reasoning "so palpably faulty that no judge or group of judges could ever conceivably have made such ruling" or "is mistakenly based on a crucial assumption which is concededly a non-fact" is subject to court revocation. Bettencourt v. Boston Edison Company, 560 F.2d 1045, 1050 (1st Cir. 1979)(citations omitted), *reiterated at* Trustees of Boston University v. Boston University Chapter, 746 F.2d 924 (1st Cir. 1984), *distinguishing* W.R. Grace and Company v. Local Union 759, 461 US 757, 103 S.Ct. 2177 (1983).

The Court examines the complaint in a liberal fashion and indulging all reasonable inferences in favor of plaintiff as we are required under a Rule 12(b)(6) standard of review, to determine if there can be facts alleged in the complaint that warrant that the court proceed to review the award on the merits. Plaintiff makes allegations as to facts in ¶12, and ¶13 wherein it is alleged that the award fails to "draw its essence from the collective bargaining agreement", there are further allegations of "due process violations" wherein the complaint concludes that the "reasoning is so faulty and contradictory, that no judge could even conceivably have made such a ruling". (*See* ¶14 of the Complaint, Docket No. 1). Plaintiff has therefore placed the instant case, as far as allegations are concerned within the reasoning of United Steelworkers of America v. Enterprise Wheel and Car Corp.., 363 US at 597, and within the exception of Bettencourt v. Boston Edison Company, 560 F.2d

at 1050.[1]

The Court however, makes patently clear to both parties that the fact that the case passes allegation muster does not at all necessarily mean that as to the merits the arbitration award will not be upheld since our review is "extraordinarily deferential". Kraft Foods v. Office & Prof. Empl. Intern. Union, 203 F.3d 98, 100 (1st Cir. 2000) and we "may not disturb [the arbitrator] judgment even if [the court] is so convinced he [the arbitrator] committed serious errors". Id., *citing* Misco, 484 US at 38, 108 S.Ct. 364.

The *Motion to Dismiss* based on the allegations of the Complaint Docket No. 5, is therefore **DENIED**. Plaintiff is therefore **ORDERED** to file a brief making references to the award and/or the record **within the next thirty (30) days**. **Defendants are to reply thirty (30) days thereafter**. Absolutely, any requests for extensions of time shall be **SUMMARILY DENIED**.

**IT IS SO ORDERED**.
In San Juan, Puerto Rico this 31st day of August 2005.

                                                **S/DANIEL R. DOMINGUEZ**
                                                **DANIEL R. DOMINGUEZ**
                                                **U.S. DISTRICT JUDGE**

---

[1] The Court however is not impressed with plaintiffs allegations that the arbitrator used the rules of evidence in a strict manner. There is no rule that would make that use a reversible error even if the Rules are generally not strictly followed in arbitration cases. Counsel is reminded that generally evidence errors are reviewed for abuse of discretion. General Electric Co. v. Joiner, 522 US 136, 140-143, 118 S.Ct. 512 (1997). Abuse of discretion as to the evidence does not pass muster under Misco since even if the evidentiary mistake (following the evidence rules in a strict fashion) the award is valid and constitutes a "serious error". United States Paperworkers Int'l. Union v. Misco, 484 US 29, 38, 108 S.Ct. 364(1987).